UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

HAMIT REZA SALAHVARZI,  　　　　　　　　　No. C 04-4341 SI (pr)

　　　　Plaintiff,  　　　　　　　　　　　　　　**ORDER OF DISMISSAL**

　　v.

Deputy BUTTI; et al.,

　　　　Defendants.
　　　　　　　　　　　　　　　　　　　　　/

## INTRODUCTION

Hamit Reza Salahvarzi, currently incarcerated at a detention facility in San Diego, filed this pro se civil rights action under 42 U.S.C. § 1983, concerning incidents that occurred while he was incarcerated at the Martinez Detention Facility in Contra Costa County. Defendants have moved to dismiss the complaint, arguing that plaintiff failed to exhaust administrative remedies before filing this action. Plaintiff has opposed the motion. The court will grant the motion and dismiss the complaint for failure to exhaust administrative remedies. The court will not reach the defendants' alternative motion for summary judgment because the failure to exhaust requires dismissal of the complaint, regardless of the merits of plaintiff's claims or the qualified immunity defense.

## BACKGROUND

A.  Procedural History

Salahvarzi's complaint concerned incidents that occurred in July 2003, when he was incarcerated in the Contra Costa County Jail. He alleged that he had been subjected to excessive force, deliberate indifference to his safety, and deliberate indifference to his medical needs by various members of the Contra Costa County Sheriff's Department. The court found cognizable Salahvarzi's claims under 42 U.S.C. § 1983 for violations of his rights under the Eighth Amendment to the U.S. Constitution.

Defendants have moved to dismiss, for summary judgment, or for summary adjudication of claims under Federal Rules of Civil Procedure 12(b) and 56. Salahvarzi has opposed the motion.

B.  Exhaustion Facts

The administrative remedy process available at the Contra Costa County Detention Facility ("the jail") is described in sections 3-6 of the Detention Division Policies and Procedures Manual of the Contra Costa County Office of the Sheriff (the "manual"). See Lawrence Decl., ¶ 5 and Exh. C. Inmates receive information on the manual when they are in the jail and copies of the manual are available in the jail modules for inmates to consult and review.

The administrative remedy process at the jail involves an initial grievance and an appeal to the facility commander if the inmate is dissatisfied with the response to the grievance. At the first level, if the sergeant/supervisor is unable to resolve the grievance at that level, he will refer the request form to the operations sergeant who will give a written response to the inmate. Manual, Procedure 3. The inmate may appeal to the facility commander. Manual, Procedure 4 & 5.

Salahvarzi filed several inmate grievances concerning the use of force on him on medical care he needed and an attack by other inmates in early July 2003. There is no evidence, however, that he appealed from the decisions on any of these grievances. Salahvarzi also does not assert that he did file any appeal.

**DISCUSSION**

A.  The Procedural Mechanism For Raising Exhaustion Problems

A prisoner's failure to exhaust administrative remedies is a matter in abatement. Defendants have the burden of raising and proving the absence of exhaustion. Wyatt v. Terhune, 315 F.3d 1108, 1119 (9th Cir.), cert. denied, 124 S. Ct. 50 (2003). In Wyatt v. Terhune, 315 F.3d at 1119, the Ninth Circuit explained that the proper way to establish nonexhaustion was by a unenumerated Rule 12(b) motion rather than in a motion for summary judgment.[1] This was so because the "failure to exhaust nonjudicial remedies that are not jurisdictional should be treated as a matter in abatement." Id. The summary judgment procedure is a decision on the merits while a dismissal for failure to exhaust is not on the merits. "In deciding a motion to dismiss for a failure to exhaust nonjudicial remedies, the court may look beyond the pleadings and decide disputed issues of fact." Id. at 1119-20, citing Ritza v. Int'l Longshoremen's & Warehousemen's Union, 837 F.2d 365, 368 (9th Cir. 1988). Ritza explained that "[t]he distinction between summary judgment and dismissal for matters in abatement bears on the district court's authority to resolve factual disputes and thus affects the standard of review to be applied by this court." Id. at 369. The court can decide factual issues in a jurisdictional or related type of motion because there is no right to a jury trial as to that portion of the case, unlike the merits of the case (where there is a right to a jury trial). See id. Wyatt and Ritza allow this court to resolve factual disputes, but only with regard to the exhaustion issue.

B.  Exhaustion

"No action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). The Contra Costa County Sheriff's Department provides an administrative appeals process. An inmate may

---

[1] The motion is called an "unenumerated" Rule 12(b) motion because it is not brought under any one of the seven numbered sub-parts of Rule 12(b) of the Federal Rules of Civil Procedure. See Ritza, infra, 837 F.2d at 369.

file a grievance regarding medical care, conditions of confinement and various other topics. See Manual, § 3-6. An inmate must file a grievance and then appeal an adverse decision to the facility commander to exhaust his administrative remedies in the jail.

Defendants have presented evidence that there was no record of any inmate appeal at the highest level from Salahvarzi. Salahvarzi does not dispute this. Salahvarzi contends he filed numerous inmate grievances, but a grievance is not an appeal and an appeal was necessary to exhaust the administrative remedies at the jail. Because Salahvarzi had not exhausted his administrative remedies before filing this action, the action was filed prematurely and must be dismissed under 42 U.S.C. § 1997e(a).

C.   Miscellaneous Motions

After he filed his opposition to defendants' motion, Salahvarzi filed a motion for enlargement of time under Rule 56(f) of the Federal Rules of Civil Procedure so that he could conduct discovery. Attached to the motion for enlargement of time was a document entitled "discovery motion" that described the documents Salahvarzi wants to obtain, e.g., documents relating to his medical condition and disciplinary reports. As noted earlier, Salahvarzi has not contended that he did file inmate appeals on any of his inmate grievances. Even if the court ignored the fact that Salahvarzi has not propounded a proper discovery request and even if the court ignored the fact that defendants would likely be entitled to a stay of discovery pending resolution of their summary judgment motion as to the qualified immunity defense, the fact remains that the documents Salahvarzi wishes to obtain through discovery would not enable him to defeat the motion to dismiss. Because the motion to dismiss is being granted, the court will not reach the merits of Salahvarzi's claims and defendants' qualified immunity defense that are covered in defendants' motion for summary judgment. Discovery on the merits of the claims could not help Salahvarzi avoid the dismissal. The motion for enlargement of time therefore is DENIED. (Docket # 26.) To be clear, the court notes that Salahvarzi was not seeking an extension of time to oppose the motion to dismiss and the court did consider Salahvarzi's "motion opposing

summary judgment" (docket # 25) and even his belated declaration (docket # 28) in ruling on defendants' motion to dismiss.

Salahvarzi also has moved for appointment of counsel to represent him in this action. A district court has the discretion under 28 U.S.C. §1915(e)(1) to designate counsel to represent an indigent civil litigant in exceptional circumstances. See Wilborn v. Escalderon, 789 F.2d 1328, 1331 (9th Cir. 1986). This requires an evaluation of both the likelihood of success on the merits and the ability of the plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved. See id. Neither of these factors is dispositive and both must be viewed together before deciding on a request for counsel under section 1915(e)(1). Here, exceptional circumstances requiring the appointment of counsel are not evident. Based on the record before it, the court is not able to determine that there is a likelihood of success on the merits and the complaint does not raise difficult legal claims. The motions for appointment of counsel are DENIED. (Docket # 25 and # 27.)

Salahvarzi filed a "motion requesting a court order to receive medical care for my arms and wrists from U.S.I.N.S." At the time he filed the motion, Salahvarzi was housed in the San Diego Correctional Facility in San Diego apparently as a detainee of the immigration authority and was not under the custody of the Contra Costa County Sheriff's Department. Salahvarzi's motion is DENIED because the I.N.S. (or other immigration authority) is not a defendant in this action and the alleged inadequate treatment is occurring in the Southern District of California. (Docket # 24.) If Salahvarzi believes he is receiving inadequate medical care in a San Diego facility, he may file an action in the San Diego County Superior Court or in the U.S. District Court for the Southern District of California. The Northern District of California is not the appropriate place to complain about allegedly inadequate medical care in a San Diego facility.

**CONCLUSION**

Defendants' motion to dismiss is GRANTED for failure to exhaust administrative remedies before filing this action. (Docket # 13.) This action is dismissed without prejudice to plaintiff

5

1 filing a new action after he exhausts his administrative remedies as to all claims against all
2 defendants.
3      The court now rules on several miscellaneous motions filed by plaintiff. Plaintiff's motion
4 for an enlargement of time to file his opposition is DENIED. (Docket # 26.) Plaintiff's motions
5 for appointment of counsel are DENIED. (Docket # 25 and # 27.) Plaintiff's motion for medical
6 treatment is DENIED. (Docket # 24.)
7      The clerk shall close the file.
8      IT IS SO ORDERED.
9 Dated: September _6__, 2005                    _____
                                                 SUSAN ILLSTON
                                                 United States District Judge

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HAMIT REZA SALAHVARZI, | No. C 04-4341 SI (pr) |
| Plaintiff, | **ORDER OF DISMISSAL** |
| v. | |
| Deputy BUTTI; et al., | |
| Defendants. | |

## INTRODUCTION

Hamit Reza Salahvarzi, currently incarcerated at a detention facility in San Diego, filed this pro se civil rights action under 42 U.S.C. § 1983, concerning incidents that occurred while he was incarcerated at the Martinez Detention Facility in Contra Costa County. Defendants have moved to dismiss the complaint, arguing that plaintiff failed to exhaust administrative remedies before filing this action. Plaintiff has opposed the motion. The court will grant the motion and dismiss the complaint for failure to exhaust administrative remedies. The court will not reach the defendants' alternative motion for summary judgment because the failure to exhaust requires dismissal of the complaint, regardless of the merits of plaintiff's claims or the qualified immunity defense.

## BACKGROUND

A.  Procedural History

Salahvarzi's complaint concerned incidents that occurred in July 2003, when he was incarcerated in the Contra Costa County Jail. He alleged that he had been subjected to excessive force, deliberate indifference to his safety, and deliberate indifference to his medical needs by various members of the Contra Costa County Sheriff's Department. The court found cognizable Salahvarzi's claims under 42 U.S.C. § 1983 for violations of his rights under the Eighth Amendment to the U.S. Constitution.

Defendants have moved to dismiss, for summary judgment, or for summary adjudication of claims under Federal Rules of Civil Procedure 12(b) and 56. Salahvarzi has opposed the motion.

B.  Exhaustion Facts

The administrative remedy process available at the Contra Costa County Detention Facility ("the jail") is described in sections 3-6 of the Detention Division Policies and Procedures Manual of the Contra Costa County Office of the Sheriff (the "manual"). See Lawrence Decl., ¶ 5 and Exh. C. Inmates receive information on the manual when they are in the jail and copies of the manual are available in the jail modules for inmates to consult and review.

The administrative remedy process at the jail involves an initial grievance and an appeal to the facility commander if the inmate is dissatisfied with the response to the grievance. At the first level, if the sergeant/supervisor is unable to resolve the grievance at that level, he will refer the request form to the operations sergeant who will give a written response to the inmate. Manual, Procedure 3. The inmate may appeal to the facility commander. Manual, Procedure 4 & 5.

Salahvarzi filed several inmate grievances concerning the use of force on him on medical care he needed and an attack by other inmates in early July 2003. There is no evidence, however, that he appealed from the decisions on any of these grievances. Salahvarzi also does not assert that he did file any appeal.

**DISCUSSION**

A.   The Procedural Mechanism For Raising Exhaustion Problems

A prisoner's failure to exhaust administrative remedies is a matter in abatement. Defendants have the burden of raising and proving the absence of exhaustion. Wyatt v. Terhune, 315 F.3d 1108, 1119 (9th Cir.), cert. denied, 124 S. Ct. 50 (2003). In Wyatt v. Terhune, 315 F.3d at 1119, the Ninth Circuit explained that the proper way to establish nonexhaustion was by a unenumerated Rule 12(b) motion rather than in a motion for summary judgment.[1] This was so because the "failure to exhaust nonjudicial remedies that are not jurisdictional should be treated as a matter in abatement." Id. The summary judgment procedure is a decision on the merits while a dismissal for failure to exhaust is not on the merits. "In deciding a motion to dismiss for a failure to exhaust nonjudicial remedies, the court may look beyond the pleadings and decide disputed issues of fact." Id. at 1119-20, citing Ritza v. Int'l Longshoremen's & Warehousemen's Union, 837 F.2d 365, 368 (9th Cir. 1988). Ritza explained that "[t]he distinction between summary judgment and dismissal for matters in abatement bears on the district court's authority to resolve factual disputes and thus affects the standard of review to be applied by this court." Id. at 369. The court can decide factual issues in a jurisdictional or related type of motion because there is no right to a jury trial as to that portion of the case, unlike the merits of the case (where there is a right to a jury trial). See id. Wyatt and Ritza allow this court to resolve factual disputes, but only with regard to the exhaustion issue.

B.   Exhaustion

"No action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). The Contra Costa County Sheriff's Department provides an administrative appeals process. An inmate may

---

[1] The motion is called an "unenumerated" Rule 12(b) motion because it is not brought under any one of the seven numbered sub-parts of Rule 12(b) of the Federal Rules of Civil Procedure. See Ritza, infra, 837 F.2d at 369.

United States District Court
For the Northern District of California

file a grievance regarding medical care, conditions of confinement and various other topics. See Manual, § 3-6. An inmate must file a grievance and then appeal an adverse decision to the facility commander to exhaust his administrative remedies in the jail.

Defendants have presented evidence that there was no record of any inmate appeal at the highest level from Salahvarzi. Salahvarzi does not dispute this. Salahvarzi contends he filed numerous inmate grievances, but a grievance is not an appeal and an appeal was necessary to exhaust the administrative remedies at the jail. Because Salahvarzi had not exhausted his administrative remedies before filing this action, the action was filed prematurely and must be dismissed under 42 U.S.C. § 1997e(a).

C.    Miscellaneous Motions

After he filed his opposition to defendants' motion, Salahvarzi filed a motion for enlargement of time under Rule 56(f) of the Federal Rules of Civil Procedure so that he could conduct discovery. Attached to the motion for enlargement of time was a document entitled "discovery motion" that described the documents Salahvarzi wants to obtain, e.g., documents relating to his medical condition and disciplinary reports. As noted earlier, Salahvarzi has not contended that he did file inmate appeals on any of his inmate grievances. Even if the court ignored the fact that Salahvarzi has not propounded a proper discovery request and even if the court ignored the fact that defendants would likely be entitled to a stay of discovery pending resolution of their summary judgment motion as to the qualified immunity defense, the fact remains that the documents Salahvarzi wishes to obtain through discovery would not enable him to defeat the motion to dismiss. Because the motion to dismiss is being granted, the court will not reach the merits of Salahvarzi's claims and defendants' qualified immunity defense that are covered in defendants' motion for summary judgment. Discovery on the merits of the claims could not help Salahvarzi avoid the dismissal. The motion for enlargement of time therefore is DENIED. (Docket # 26.) To be clear, the court notes that Salahvarzi was not seeking an extension of time to oppose the motion to dismiss and the court did consider Salahvarzi's "motion opposing

4

summary judgment" (docket # 25) and even his belated declaration (docket # 28) in ruling on defendants' motion to dismiss.

Salahvarzi also has moved for appointment of counsel to represent him in this action. A district court has the discretion under 28 U.S.C. §1915(e)(1) to designate counsel to represent an indigent civil litigant in exceptional circumstances. See Wilborn v. Escalderon, 789 F.2d 1328, 1331 (9th Cir. 1986). This requires an evaluation of both the likelihood of success on the merits and the ability of the plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved. See id. Neither of these factors is dispositive and both must be viewed together before deciding on a request for counsel under section 1915(e)(1). Here, exceptional circumstances requiring the appointment of counsel are not evident. Based on the record before it, the court is not able to determine that there is a likelihood of success on the merits and the complaint does not raise difficult legal claims. The motions for appointment of counsel are DENIED. (Docket # 25 and # 27.)

Salahvarzi filed a "motion requesting a court order to receive medical care for my arms and wrists from U.S.I.N.S." At the time he filed the motion, Salahvarzi was housed in the San Diego Correctional Facility in San Diego apparently as a detainee of the immigration authority and was not under the custody of the Contra Costa County Sheriff's Department. Salahvarzi's motion is DENIED because the I.N.S. (or other immigration authority) is not a defendant in this action and the alleged inadequate treatment is occurring in the Southern District of California. (Docket # 24.) If Salahvarzi believes he is receiving inadequate medical care in a San Diego facility, he may file an action in the San Diego County Superior Court or in the U.S. District Court for the Southern District of California. The Northern District of California is not the appropriate place to complain about allegedly inadequate medical care in a San Diego facility.

## CONCLUSION

Defendants' motion to dismiss is GRANTED for failure to exhaust administrative remedies before filing this action. (Docket # 13.) This action is dismissed without prejudice to plaintiff

5

filing a new action after he exhausts his administrative remedies as to all claims against all defendants.

The court now rules on several miscellaneous motions filed by plaintiff. Plaintiff's motion for an enlargement of time to file his opposition is DENIED. (Docket # 26.) Plaintiff's motions for appointment of counsel are DENIED. (Docket # 25 and # 27.) Plaintiff's motion for medical treatment is DENIED. (Docket # 24.)

The clerk shall close the file.

IT IS SO ORDERED.

Dated: September _6__, 2005

_____
SUSAN ILLSTON
United States District Judge